**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| STEPHON WILLIAMS, | : |
| Petitioner, | : |
| v. | : CASE NO.: 1:13-CR-00051(WLS-TQL-4) |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

**ORDER**

Before the Court is a "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" filed by Defendant Stephon Williams through his counsel on April 1, 2021. (Doc. 437.) Williams seeks compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A) on the grounds that his medical conditions establish extraordinary and compelling circumstances to warrant release because of the risks associated with the COVID-19 pandemic. (*Id.*) Williams requests that this Court grant him "immediate release into home confinement for the remainder of his sentence." (*Id.* at 23.) As of the filing of his Motion, Williams has served 77 months of his 240-month sentence. (*Id.* at 20.) For the reasons stated herein, Williams' Motion is **DENIED**.

The United States filed a "Response in Opposition to Defendant's Motion for Compassionate Release" on April 22, 2021, arguing that the Court should deny Williams' Motion on the grounds that Williams actually seeks relief under 18 U.S.C. § 3624(c)(2), which allows the Bureau of Prisons ("BOP") to place certain prisoners on home confinement. (Doc. 441.) The Government asserts that BOP is the only body that maintains statutory authority to place a federal inmate in home confinement, and therefore the Court does not have subject matter jurisdiction to grant Williams' claim for relief. (*Id.*) Williams then filed a Reply to the Government's Response stating that the Government misconstrued his Motion. (Doc. 442.) In his Reply, Williams argues that his Motion was properly brought under 18 U.S.C. § 3582(c)(1)(A) and that the statute "clearly vests" the Court with the authority to "impose a

1

sentence of home confinement for the remainder" of his term of imprisonment. (*Id.* at 1-2.) Specifically, Williams contends that he is seeking compassionate release under § 3582(c)(1)(A) and asks that the Court grant this relief in the form of a sentence reduction to time served and "sentence him to a term of supervised release that does not exceed the unserved portion of his original sentence, with the condition that he be placed on home confinement." (*Id.* at 3.) While the Court notes that the Government is correct in its assertion regarding the statutory authority of this Court to consider motions under 18 U.S.C. § 3624(c)(2),[1] the Court finds that Williams is ultimately seeking release from his current sentence and, alternatively, a modification to his supervised release period.[2] Therefore, the Court reviews Williams' Motion pursuant to 18 U.S.C. § 3582(c)(1)(A) along with the factors for sentence modification set forth in 18 U.S.C. 3553(a).[3]

A motion filed pursuant to 18 U.S.C. § 3582(c)(1)(A) allows for compassionate release only in particularly extraordinary or compelling circumstances that could not have been foreseen by the court at the time of sentencing. According to the United States Sentencing Guidelines, "extraordinary and compelling reasons" that may justify relief under 18 U.S.C. § 3582(c)(1)(A)(i) include: (1) defendants with medical conditions such as terminal illness; (2) defendants at least 65 years old; or (3) death or incapacitation of the caregiver of the defendant's minor child or minor children. U.S.S.G. § 1B1.13 cmt. n.1. Inmates may file directly to the Court only after exhaustion of administrative remedies or 30 days from receipt of a request by the Warden's Office.

While Williams' concerns and stress are understandable, the Court finds that Williams does not allege extraordinary or compelling circumstances that justify relief under § 3582(c)(1)(A)(i). While Williams has alleged health issues or concerns and provided medical

---

[1] Section 3624(c)(2) allows BOP to place prisoners on home confinement. This authority is granted to BOP alone; the Court does not have subject matter jurisdiction over such placement or half-way house placement.
[2] The Court acknowledges the Government's argument and acknowledges that their argument is correct regarding subject matter jurisdiction. However, Williams is also correct that home detention may be imposed as a condition of probation or supervised release as a substitute for imprisonment. U.S.S.G. § 5F1.2. In review of Williams' request in its entirety, the Court finds that Williams is seeking compassionate release from his current sentence or, in the alternative, a sentence modification. Either avenue leads the Court to the same conclusion, however; Williams' Motion should be denied.
[3] These factors include the nature and circumstance of the offense, characteristics of the defendant, need for the sentence imposed (including protection of the public and adequate deterrence), sentence range, policy statements, and any need for restitution for victims of the offense. 18 U.S.C. 3553(a)(1)-(7).

2

records to support his claims, none of his conditions are considered terminal or otherwise warrant release because of the risks associated with COVID-19. Release from imprisonment does not ensure Williams' avoidance of COVID-19 because the risk of exposure and stressors are shared by the public at large. Further, BOP records indicate that Williams received both doses of the COVID-19 vaccination by early March 2021. As other courts have noted, he likely received superior care in prison than he would have on the outside. *See United States v. Grobman,* No. 18-CR-20989-[2], 2020 U.S. Dist. LEXIS 63602, at *13 (S.D. Fla. Mar. 29, 2020).

Thus, after careful and complete review of record and Williams' Motion in conjunction with the factors set forth in 18 U.S.C. 3553(a)[4], which weigh heavily against the relief requested, and the standard discussed above, the Court does not find that Williams has demonstrated that he is eligible for release under §3582(c)(1)(A)(i). Williams' request fails to satisfy the requirements for granting compassionate release based on extraordinary or compelling circumstances. Accordingly, Williams' "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" (Doc. 437) is **DENIED WITHOUT PREJUDICE**.[5]

**SO ORDERED**, this 15th day of June, 2021.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[4] As discussed *supra*, pursuant to 18 U.S.C. 3582(c)(1)(A), the Court must consider any request to modify a sentence in consideration of the factors set forth in section 3553(a).

[5] This Order applies to Defendant's identical motion filed as entry number 435 on the docket. Defendant's motion at number 435 is listed as a compassionate release motion for release from custody and is identical in text, argument, and title to the instant motion. Therefore, the Court finds that Defendant's compassionate release motion for release from custody (Doc. 435) is also denied by this Order and instructs the Clerk to terminate the motion from the record.